IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MAURICE L. COLEMAN SR., Representatives for D-Unit, ROBERT F. BAKER, Representatives for D-Unit, and UNKNOWN RESIDENT/INMATES, | ) ) ) ) ) ) | CASE NO. 8:08CV10<br><br>MEMORANDUM AND ORDER |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| JEFFERY NEWTON, Director of Douglas County Corrections, & Staff Leaders, ROCCA FORTE, LT, UNKNOWN CAPTAIN, UNKNOWN LT'S, and UNKNOWN SARGEANTS, | ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs filed their Complaint in this matter on January 7, 2008. (Filing No. 1.) Plaintiffs have previously been given leave to proceed in forma pauperis. (Filing Nos. 11 and 12.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.      INITIAL REVIEW OF COMPLAINT**

   **A.      Summary of Complaint**

Plaintiffs filed the Complaint in this matter on January 7, 2008, against Defendants, who are all identified as employees of the Douglas County, Nebraska, Department of Corrections. (Filing No. 1 at CM/ECF pp. 2, 4.)

Plaintiffs allege that on December 19, 2007, they were housed in "D-Unit" in the Douglas County, Nebraska Correctional facility. (*Id.* at CM/ECF p. 5.) On that date, a fight occurred between two inmates who are not parties in this action. After the fight, "D-Unit" was "locked down for 15 days," but no misconduct reports were issued to Plaintiffs and no

hearings took place with regard to the lockdown. (*Id.*) Due to the lockdown, Plaintiffs were not allowed telephone calls or commissary purchases during the holidays of Christmas and New Years. (*Id.*)

Plaintiffs request that they be "credited for [their] rights to be protected" and seek unspecified "compensation" for their inability to contact their family members during the holidays. (*Id.* at CM/ECF p. 7.) Although it is not completely clear, Plaintiffs apparently also seek to be the class representatives for all inmates housed in "D-Unit" during the lockdown period. (*Id.* at CM/ECF pp. 7, 10.)

### B.     Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the

plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Plaintiffs here allege federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

**C.   Discussion of Claims**

    **1.   Class Representatives**

Plaintiffs, as pro se litigants, may not represent other parties, even in class action proceedings. "Every court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action." *Craig v. Cohn*, 80 F. Supp. 2d 944, 946 (N.D. Ind. 2000) (citations omitted); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."); *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); *Allnew v. City of Duluth*, 983 F.Supp. 825, 831 (D. Minn. 1997) ("To this extent, we join those Courts which have determined that the rights and interests of potential class members are of too critical importance to be entrusted to a litigant who is

not ably assisted by fully competent legal counsel. While one may elect to risk his or her own rights and interests by self-representation, jeopardizing the rights of all who may fall within the putative class is a far more daunting consideration.").

"Unknown Resident/Inmates" are listed as Plaintiffs in this matter. (Filing No. 1 at CM/ECF p. 1.) However, as set forth above, Plaintiffs Baker and Coleman cannot serve as class representatives for any purported class of "resident/inmates" and this action will not proceed as a class action. No individual other than Robert Baker and Maurice Coleman Sr. has signed the Complaint. (*Id.* at CM/ECF p. 9.) As such, this action will proceed only with Mr. Baker and Mr. Coleman as Plaintiffs.

### 2. Eighth Amendment Claims

Liberally construed, Plaintiffs' claims are claims for deprivation of rights pursuant to the Eighth Amendment. As set forth by the Supreme Court, "[t]he Constitution does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations and quotation marks omitted). Inmates are entitled to "reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989); *see also White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993) (holding a prisoner confined to an allegedly unsanitary cell for eleven days could not prove an Eighth Amendment violation because of the "relative brevity" of his stay). Put another way, "[n]ot every deviation from ideally safe conditions amounts to a constitutional violation." *Osolinski v. Kane*, 92 F.3d 934, 938 (9th Cir. 1996); *see also*

*Tucker v. Evans*, 276 F.3d 999, 1002 (8th Cir. 2002) (stating that even gross negligence is insufficient to prove a violation of the Eighth Amendment).

Moreover, a prisoner asserting a violation of his Eighth Amendment rights, must show "deliberate indifference,"or reckless or callous disregard of a known, excessive risk of serious harm to the safety of the plaintiff. *Tucker*, 276 F.3d at 1001. Therefore, a viable Eighth Amendment claim consists of an objective component and a subjective component. *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

Plaintiffs allege that they were deprived of their rights to contact their families and to purchase items from the commissary for a period of 15 days, over the course of two holidays. (Filing No. 1 at CM/ECF p. 5.) They allege that this constitutes "excessive punishment" and "deliberate indifference." While the court has serious doubts regarding whether such "deprivation" constitutes an Eighth Amendment violation, the court must liberally construe the allegations at this stage of the proceedings. Liberally construed, Plaintiffs have set forth enough facts to "nudge" their Eighth Amendment claims across the line from conceivable to plausible. As a result, Plaintiffs' Eighth Amendment claims against Defendants may proceed. The court cautions Plaintiffs that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiffs' claims or potential defenses thereto.

### 3.     Fourteenth Amendment Claims

Plaintiffs' claims may also be liberally construed to implicate the Fourteenth Amendment, which "protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  Thus, claims regarding the right to either procedural or substantive due process must begin with identification of a protected liberty or property interest.  *Singleton v. Cecil*, 176 F.3d 419, 424-25, 425 n. 7 (8th Cir. 1999) (*en banc*).  Further, substantive due process protects prisoners from conduct which "shocks the conscience or interferes with rights implicit in the concept of ordered liberty."  *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citations omitted).  Substantive due process rights are implicated when a state actor "engages in conduct that is so outrageous that it shocks the conscience or otherwise offends judicial notions of fairness, or is offensive to human dignity."  *Id.* (citations and quotations omitted).

Plaintiffs here allege that Defendants placed them in a 15-day "lockdown" for an incident in which they were not involved.  Plaintiffs were not given misconduct reports, hearings, or any reason for their lockdown status, which lasted through two important holidays.  (Filing No. 1 at CM/ECF p. 5.)  Liberally construed, Plaintiffs have therefore set forth enough facts to nudge their claims against Defendants across the line from conceivable to plausible.  As a result, Plaintiffs' Fourteenth Amendment  claims against Defendants may proceed.  Again, the court cautions Plaintiffs that this is only a preliminary

determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiffs' claims or potential defenses thereto.

## II.     APPOINTMENT OF COUNSEL

In their Complaint, Plaintiffs seek the appointment of counsel. (Filing No. 1 at CM/ECF p. 9.) However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Id.* Such a showing has not been made here. The request for the appointment of counsel is therefore denied without prejudice.

## III.    PENDING MOTIONS

Pending before the court is Plaintiffs' Request for Injunction, which the court construes as a motion for a preliminary injunction. (Filing No. 4.) In their Motion, Plaintiffs seek an order from the court granting them immediate relief from the "lockdown" described in the Complaint. (*Id.* at CM/ECF p. 3.) Plaintiffs again detail the failure to grant Plaintiffs a hearing regarding the lockdown, issue misconduct reports, or take other action. Plaintiffs also discuss the "negligence" of correctional officers in failing to protect individuals other than Plaintiffs. (*Id.* at CM/ECF p. 4.)

As set forth above, Plaintiffs do not have standing to assert the claims of other inmates. Therefore, to the extent that the Motion seeks relief on behalf of inmates other than Plaintiffs, the motion is denied. Further, the Motion seeks to end the "lockdown" and

return to "normal privileges." (*Id.*) However, the Motion was not filed until three days *after* the end of the lockdown. Plaintiffs' Motion seeks relief which they received prior to the filing of the Motion. Therefore, Plaintiffs' Motion does not meet the criteria for issuance of a temporary restraining order or other emergency injunctive relief and must be denied. *See Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981) (setting forth balancing test of four factors for issuance of temporary restraining order).

Also pending is Plaintiff Robert Baker's Motion for Leave to Proceed in Forma Pauperis and for Copies. (Filing No. 15.) Plaintiff requests that the court provide him with a copy of the Complaint free of charge because he is proceeding in forma pauperis in this matter. However, the statutory right to proceed in forma pauperis does not include the right to receive copies of documents without payment. 28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir. 1973). If Plaintiff Baker requires copies of court documents, he should contact the Clerk of the court to determine the proper method of requesting and paying for copies. Plaintiff's Motion is denied.

IT IS THEREFORE ORDERED that:

1. Plaintiffs' Request for Injunction (Filing No. 4) is denied;

2. Plaintiff Robert F. Baker's Motion for Leave to Proceed In Forma Pauperis and for Copies (Filing No. 15) is denied;

3. Plaintiffs "Unknown Resident/Inmates" are dismissed from this action;

4. Plaintiffs' claims against Defendants may proceed as set forth in this Memorandum and Order and service is now warranted;

8

5. To obtain service of process on Defendants, Plaintiffs must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send FIVE (5) summons form and FIVE (5) USM-285 form to Plaintiffs together with a copy of this Memorandum and Order. Plaintiffs shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur;

6. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiffs do not need to do so;

7. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiffs are informed for the first time of these requirements, Plaintiffs are granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process;

8. Plaintiffs are hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint; and

9. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**September 22, 2008**: Check for completion of service of summons."

10. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiffs shall keep the court informed of their current addresses at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 29th day of May, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge